IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANIMAL HEALTH INTERNATIONAL, INC.
AND WALCO INTERNATIONAL, INC.,

                                                                ORDER

              Plaintiffs,

                                                              12-cv-328-bbc

    v.

RICHARD HIRSBRUNNER, AMANDA WROBLE
AND IVESCO HOLDINGS, LLC,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this civil action for monetary and injunctive relief, plaintiffs Animal Health International, Inc. and Walco International, Inc. are suing defendants Richard Hirsbrunner, Amanda Wroble and IVESCO Holdings, LLC for breach of contract and other violations of state law. There has been little activity in this case since it was filed and the deadline for filing dispositive motions has passed. Trial is scheduled for July 29, 2013. However, after reviewing plaintiffs' complaint, I have determined that plaintiff has failed to plead sufficient allegations regarding subject matter jurisdiction. Plaintiffs contend that jurisdiction is present under 28 U.S.C. § 1332. That statute requires complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. Plaintiffs' complaint contains allegations sufficient to satisfy the amount in controversy requirement. Dkt. #1 at ¶ 6. Unfortunately, plaintiffs have not alleged facts sufficient to show that the

1

parties' citizenship is completely diverse.

Plaintiffs allege that Animal Health International, Inc. is a Colorado corporation with its principal place of business in Colorado. This is sufficient for this party. Pastor v. State Farm Mutual Automobile Insurance Co., 487 F.3d 1042, 1047-48 (7th Cir. 2007) (corporation is citizen of its state of incorporation and state where its principal place of business is located). However, plaintiff does not identify Walco International, Inc.'s state of incorporation or the location of its principal place of business.

As for the individual defendants, plaintiffs allege that defendant Hirsbrunner "resides" in Wisconsin and defendant Wroble "resides" in Illinois. However, both the Court of Appeals for the Seventh Circuit and this court have repeated many times that citizenship and residency are not the same thing for the purpose of determining diversity jurisdiction under § 1332 and that an allegation of residency is not sufficient. E.g., Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). See also Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008); Camico Mutual Insurance Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007); Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003). Rather, the relevant question is where the individual is domiciled, that is, where he or she intends to live for the foreseeable future. Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Plaintiffs have alleged nothing about the domicile of these defendants.

Plaintiffs' allegations regarding defendant IVESCO Holdings, LLC are also inadequate. Plaintiffs allege that IVESCO "is a limited liability company organized under the laws of the State of Delaware" with its "principal place of business [] located in Arkansas" and that "[o]n information and belief, none of IVESCO's members are citizens of Colorado, Wisconsin or Illinois." Because the citizenship of a limited liability company is the citizenship of each of its members, Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007), plaintiffs must identify the citizenship of those members. It is not sufficient for plaintiffs simply to state that none of the members are citizens of Colorado, Wisconsin or Illinois. Id. ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well").

As the proponents of federal jurisdiction, it is plaintiffs' burden to show that the parties are citizens of different states and that more than $75,000 is in controversy. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give plaintiffs an opportunity to file supplemental materials that establish the citizenship of Walco International, Inc. and of defendants. 28 U.S.C. § 1653 (defective jurisdictional allegations may be cured).

ORDER

IT IS ORDERED that plaintiffs Animal Health International, Inc. and Walco International, Inc. have until June 13, 2013 in which to file supplemental materials showing

3

that subject matter jurisdiction is present under 28 U.S.C. § 1332. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 4th day of June, 2013.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge